IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Watts, II, #90124 ) | C/A No. 8:15-3847-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Geo Group; ) | |
| Just Care; ) | |
| Geo Care; ) | |
| ) | |
| Defendants. ) | |

William T. Watts, II ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained in the Lexington County Detention Center ("LCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges that on July 20, 2013, he illegally was ordered to be transferred from the LCDC to "Just Care" on Farrow Road in Columbia, South Carolina, "for a 60 day treatment / restoration to competency program."   [Doc. 1.]   He complains about his treatment and the conditions during the time he spent at Just Care. [*Id.*]  Specifically, he alleges the following facts. Upon his arrival at Just Care, someone strip searched him.  [*Id.*] Someone confiscated his legal mail, and it has not been returned to him as of September 20, 2015.  [*Id.*]  When Plaintiff told Dr. Griswold that he would not take medications for mental illness, Dr. Griswold informed him that if he did not take the prescribed medication he would be forcibly medicated.  [*Id.*] And, "[t]he medication dose was doubled and instantly desolving (sic) pills were prescribed." [*Id.*] Plaintiff asked for a law library, and he was told

there is not one. [*Id.*] Plaintiff "complained of cancer and was never given a cancer screening." [*Id.*] And, Dr. Griswold told Plaintiff he would be placed in Just Care "'long term'" if he did not stop complaining about police harassment. [*Id.*]

Based on these facts, Plaintiff alleges that these constitutional rights were violated—"due process (right to refuse medical treatment);" "right to legal mail and legal papers," "right to a law library;" First Amendment "right to freedom of speech." [*Id.*] He alleges he suffered physical and emotional injuries "including but not limited to brain damage, fear, shock, grief, humiliation, worry, and anguish." [*Id.*]

Plaintiff seeks damages. [*Id.*] Also, he requests this Court to order "Just Care to perform cancer screenings (MRI's)." [*Id.*] And, he requests this Court to order "Just Care to post signs informing patients of there (sic) right to refuse medical care." [*Id.*]

This Court takes judicial notice that Plaintiff was arrested on September 7, 2012, and indicted on February 4, 2013, for murder or attempted murder charges. *See* Lexington County 8th Judicial Circuit Public Index, http://cms.lex-co.com/SCJDWeb/PublicIndex/PISearch.aspx, (enter "William T. Watts" and "search," click on "2012A3220800040," and click "Charges") (last visited October 19, 2015); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for

3

him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint should be dismissed for failure to state a claim on which relief may be granted. Plaintiff does not sue a person who acted under the color of state law. It is well settled that inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" and cannot act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at

4

'persons' and the jail is not a person amenable to suit."). Similarly, the staff of an organization is not considered a person subject to suit under 42 U.S.C. § 1983, and groups of people may not be sued under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Here, GEO Group, Just Care, and GEO Care appear to be business entities, comprised of people, and/or facilities. Thus, each of the defendants may be considered to be an inanimate object, staff, or a group of people, and none qualify as a person subject to suit under § 1983.

Further, if Plaintiff had named a person who committed the alleged misconduct, this action should still be dismissed for failure to state a plausible claim on which relief may be granted. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014), *cert. denied 135 S. Ct. 1893* (2015).

Although Plaintiff attempts to allege a violation of his constitutional rights related to denial of a law library, there is no constitutional right to a law library or law books. The constitutional right is for meaningful access to the courts to bring challenges to sentences or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Giarratano v. Johnson*, 521 F.3d 298, 305 (4th Cir. 2008). And, it is well settled that to state a cognizable claim for denial of meaningful access to the courts a prisoner must allege specific actual injury resulting from the alleged denial. *Lewis*, 518 U.S. at 349–53 (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded). In this case, Plaintiff does not allege any specific facts as to how his pending legal case, or any other legal matter, was adversely affected due to his denial of access to legal materials. Therefore, Plaintiff has failed to state a plausible claim.

Plaintiff appears to allege several violations of his constitutional rights related to medical needs. He alleges inadequate medical care related to the lack of cancer screenings and the denial of his right to refuse medical care. The Supreme Court explained in *Farmer v. Brennan*, 511 U.S. 825 (1994), that a prison official violates the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees)[1] when

---

[1] While the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); *see also Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375, at *3 (D.S.C. Feb. 15,

two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,' " and (ii) "a prison official must have a 'sufficiently culpable state of mind.' " i.e., " 'deliberate indifference' to inmate health or safety." *Id.* at 834 (citations omitted).

While a prisoner may state a constitutional claim for deliberate indifference to a serious medical need, he must allege a serious medical need and a sufficiently imminent danger or a substantial risk of serious harm in the future. *See Smith v. Smith*, 589 F.3d 736 (4th Cir. 2009) (finding that, taking the plaintiff's allegations as true, he alleged sufficient facts to constitute intentional denial of treatment because delay or interference can be a violation of the Eighth Amendment); *Baze v. Rees*, 128 S. Ct. 1520, 1531 (2008) (explaining that the conditions presenting the risk must be sure or very likely to cause serious illness and needless suffering and give rise to sufficiently imminent dangers). Here, Plaintiff does not plausibly allege a serious medical need that was deliberately ignored which presented a substantial risk of serious harm or caused him injury. He merely alleges he "complained of cancer" but did not receive a cancer screening. Looking at the Complaint as a whole, it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. For example, Plaintiff does not allege that: he actually had cancer; it worsened; it was diagnosed after a delay; it was not treated; or he suffered a physical injury from it. Instead, Plaintiff seeks to force Just Care to perform cancer screenings (MRIs). Therefore, Plaintiff fails to state a claim for deliberate indifference to a serious medical need.

---

2006). For this reason, the standards discussed in *Farmer v. Brennan* are applicable in Plaintiff's case.

Plaintiff also fails to state a plausible due process claim related to forced medication. The Supreme Court has explained that the Constitution permits in limited circumstances an accused person to be forcibly medicated in an effort to restore competency for trial. *See United States v. White*, 620 F.3d 401, 404 (4th Cir. 2010).  Thus, Plaintiff's claim that his constitutional right was violated when someone told him that he would be forcibly medicated if he refused his prescribed medications does not allege a plausible claim. Also, Plaintiff does not allege that he was forcibly medicated.  Thus, he fails to state a due process claim.

Regarding Plaintiff's alleged violation of his First Amendment right to freedom of speech, he does not allege a plausible claim.  In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court held that pretrial detainees possess some constitutional protections but not the full range of freedoms.  "A detainee's First Amendment rights may be restricted in the interest of prison security."  *See Hause v. Vaught*, 993 F.2d 1079, 1082 (4th Cir. 1993). Here, Plaintiff does not actually allege a restriction on his freedom of speech.  Instead, he alleges that someone told him if he kept complaining about police harassment he would be placed in Just Care for a long term.  Such a statement was an indication, threat, or prediction of what could happen to Plaintiff in the future.  It was not a rule, policy, or regulation.  Thus, Plaintiff does not allege a plausible First Amendment claim.

Lastly, Plaintiff's allegation that upon his arrival at Just Care the strip search violated his constitutional right does not state a plausible claim.  *See Florence v. Bd. of Chosen Freeholders*, 132 S Ct. 1510, 1518–23 (2012) ("Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process.").

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *with prejudice* for failure to state a claim on which relief may be granted and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Further, it is recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009). **Plaintiff's attention is directed to the important notice on the next page.**

October 20, 2015  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).